# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

WILLIAM P. WILLIAMS,                )
                                    )
        Plaintiff/Appellee,         )
                                    )   Appeal No.
                                    )   01-A-01-9711-CH-00679
VS.                                 )
                                    )   Wilson Chancery
                                    )   No. 7297
WANDA C. WILLIAMS,                  )
                                    )
        Defendant/Appellant.        )

APPEALED FROM THE CHANCERY COURT OF WILSON COUNTY
AT LEBANON, TENNESSEE

THE HONORABLE C. K. SMITH, CHANCELLOR

CLARA WILLIS BYRD
105½ South Cumberland Street
Lebanon, Tennessee 37087
        Attorney for Plaintiff/Appellee

CLARK LEE SHAW
2525 Lebanon Road
Nashville, Tennessee 37214
        Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

## O P I N I O N

This is a child support case. The Chancery Court of Wilson County set the mother's obligation of support at $723.00 per month. The mother appeals and asserts that the evidence preponderates against the trial court's finding. We affirm the judgment below.

## I.

The parties were divorced in the Chancery Court of Wilson County on June 2, 1988. In 1994 the chancellor awarded custody of the parties' three children to the father and set child support at $550 per month. In 1996 the father petitioned for an increase in child support and the mother counterclaimed for a decrease. The court found that the mother has the capability to earn $2200 per month, and raised her child support obligation to $723.00 per month.

## II.

The only issue raised on appeal is whether the evidence supports the trial court's findings. The findings are presumed to be correct, unless the evidence preponderates against them. Rule 13(d), Tenn. R. App. Proc.

The mother is a realtor and she earns commissions on property sales. She is also an investor in real property, buying houses for renovation, rental, and resale. Her financial statements for 1995 showed an anticipated income of $45,000 in salary and wages and $36,000 in rental income. Taking her rental expenses into account, the statement showed a net income of $40,000. She filed an identical statement in August of 1996 and showed a projected income of $70,000 from commissions and bonuses plus another $66,000 from rental income. For the same year she projected that taxes, living expenses, rental expenses, and something called "other business expenses" would amount to $98,000. The difference shown in a slot

for net cash flow was $28,000. Her net worth increased by $121,350 from 1995 to 1996.

- 3 -

Her income tax returns for the same years, filed jointly with her husband, do not show any income to speak of. But after hearing all the proof, the chancellor found the following:

> I just don't think that the burden of proof has been carried either way to the extent that you two would have me to believe that. I believe that the burden of proof shows, she's not -- she's got the capability of making at least $2,200 a month. I don't think the burden of proof has been carried to the extent to convince me that she's making $60,000 a year; nor has the burden of proof been carried to make me feel like she can only make $7,000 a year. You know, I just don't believe either of you carried that burden of proof.

> I feel like that the proof is, is that her child support should be set on the gross income of $2,200 a month, and that's actually -- the average of those two would be 2,100 and something, but I've taken into consideration the fact that she's not providing health insurance. So I've just rounded that up to $2,200, and I'll require her to pay $723 a month.

We cannot say that the evidence preponderates against the chancellor's findings.

We affirm the judgment of the trial court and remand the cause to the Chancery Court of Wilson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

- 3 -

CONCUR:

- 4 -

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
WILLIAM C. KOCH, JR., JUDGE